**Vacated and Dismissed and Opinion filed February 4, 2021.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-19-00506-CV

**MICHAEL REEVES, Appellant**

**v.**

**CENTRAL HOUSTON NISSAN, Appellee**

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2018-55206**

## OPINION

Pro se appellant Michael Reeves filed this litigation against appellee Central Houston Nissan asserting claims of deceptive advertising[1] and violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA).[2] After the trial court rendered summary judgment in Central Houston Nissan's favor, Reeves appealed. On September 21, 2020, after the parties filed briefs and the case was submitted to

---

[1] *See* Tex. Bus. & Com. Code Ann. § 17.12.

[2] *See* Tex. Bus. & Com. Code Ann. §§ 17.41–.63.

this court, appellee Central Houston Nissan filed with the court a notice that, before filing this litigation, Reeves was found to be a vexatious litigant prohibited from filing new pro se litigation in Texas courts without seeking the permission of the local administrative judge of the court in which he intended to file the litigation.[3] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101(a), (e), .102(a)(1), .1035. There is no indication in the record before us that Reeves obtained the required permission to file this litigation, so it appears that this litigation was mistakenly filed by the trial court clerk.[4]

---

[3] A district court determined Reeves was a vexatious litigant subject to Civil Practice and Remedies Code chapter 11 and ordered that he "is hereby prohibited from filing, *in propia persona*, any new litigation in a court in the State of Texas without first obtaining approval to do so from the local administrative judge of the court in which [he] seeks to file the litigation." *See Reeves v. Tex. Dep't of Ins., Div. of Worker's Comp.*, No. DC-06-07706-G (134th Dist. Ct., Dallas County, Tex. Nov. 8, 2006), *aff'd*, No. 05-07-00020-CV, 2007 WL 3293629, at *1 (Tex. App.—Dallas Nov. 8, 2007, no pet.). He filed the underlying case in this appeal on August 16, 2018.

[4] Civil Practice and Remedies Code section 11.103(a) states, "a clerk of a court *may not* file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102 (a) permitting the filing." Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a) (emphasis added). The Code Construction Act states, "'May not' imposes a prohibition and is synonymous with 'shall not.'" Tex. Gov't Code Ann. § 311.016(5). Civil Practice and Remedies Code section 11.1035(a) states, "If the clerk mistakenly files litigation presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 without an order from the appropriate local administrative judge described by Section 11.102 (a), any party *may* file with the clerk and serve on the plaintiff and the other parties to the litigation a notice stating that the plaintiff is a vexatious litigant required to obtain permission under Section 11.102 to file litigation." Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(a) (emphasis added). The Code Construction Act states, "'May' creates discretionary authority or grants permission or a power." Tex. Gov't Code Ann. § 311.016(1).

While it would have been preferable for appellee to have filed a notice with the clerk at trial stating that the plaintiff is a vexatious litigant subject to a prefiling order, chapter 11 neither sets a time limit for filing such notice, nor places a requirement on other parties; instead, chapter 11 prohibits the clerk from filing a litigation, original proceeding, appeal, or other claim presented by a vexatious pro se litigant subject to a prefiling order. Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a). Accordingly, there is no complaint that should have been made to the trial court that requires preservation as a prerequisite for presenting a complaint for appellate review. *See* Tex. R. App. P. 33.1(a).

As required by Civil Practice and Remedies Code section 11.1035(b), we ordered this appeal stayed. *See id.* § 11.1035(b). We further informed the parties that we would dismiss the litigation,[5] *i.e.*, dismiss this appeal, vacate the trial court's judgment, and dismiss the case in the trial court, unless no later than October 1, 2020, Reeves obtained an order from the local administrative judge for the 113th Judicial District Court of Harris County, where this litigation was filed, permitting filing of the litigation.[6] *See id.* (court to dismiss litigation if vexatious litigant does not obtain order "permitting the filing of the litigation" "not later than the 10th day after the date the [section 11.1035] notice is filed"); *see also id.* § 11.102(a)(1) (vexatious litigant must seek permission from "the local administrative judge of the type of court in which the vexatious litigant intends to file").[7]

---

[5] "'Litigation' means a civil action commenced, maintained, or pending in any state or federal court." Tex. Civ. Prac. & Rem. Code Ann. § 11.001(2).

[6] An involuntary dismissal of litigation under Civil Practice and Remedies Code section 11.1035(b) differs from an involuntary dismissal of the appeal under Texas Rule of Appellate Procedure 42.3, as section 11.1035(b) requires dismissal of the litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(b).

[7] We note that some of our sister courts have dismissed appeals in suits by vexatious litigants for want of jurisdiction, sometimes on the grounds that the appellate court lacks jurisdiction because "a prerequisite to filing suit was not met" when the vexatious litigant has not obtained permission to file suit. *Barnes v. Donihoo*, No. 06-17-00003-CV, 2017 WL 6062296, at *2 (Tex. App.—Texarkana Dec. 8, 2017, no pet.) (mem. op.); *see also Leonard v. Paxton*, No. 03-19-00771-CV, 2020 WL 1814614, at *2 (Tex. App.—Austin Apr. 10, 2020, no pet.) (mem. op.) (dismissing appeal by vexatious litigant for want of jurisdiction); *Moody v. Success Holding, LLC*, No. 01-17-00492-CV, 2018 WL 650274, at *2 (Tex. App.—Houston [1st Dist.] Feb. 1, 2018, no pet.) (mem. op.) (same). We note that the precise procedural posture of these cases is not always clear, and recognize that this court would lack jurisdiction over an appeal from a trial court's dismissal of a vexatious litigant's lawsuit on the grounds that the vexatious litigant has not secured the required permission to file suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(c) ("An order dismissing litigation that was mistakenly filed by a clerk may not be appealed."). In the case before us, however, in which the trial court decided the case on the merits and no notice of Reeves' vexatious-litigant status was filed until this appeal was submitted, dismissal of this appeal for want of jurisdiction because a prerequisite to filing suit was not met would be improper. The supreme court has explained that the question of whether

3

Reeves did not submit evidence that he obtained the required order permitting filing of this litigation. Accordingly, we dismiss this appeal, vacate the trial court's judgment, and dismiss the case in the trial court. *See id.* § 11.1035(b).


/s/    Charles A. Spain
        Justice


Panel consists of Justices Spain, Hassan, and Poissant.

---

statutory prerequisites for filing suit have been met is not jurisdictional. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (addressing statutory prerequisites to suit and explaining issue is not "whether the district court did or did not have subject-matter jurisdiction" but "whether the [plaintiffs] established their right under the statute to go forward with this suit"). "The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it." *Id.* at 76–77 (quotation omitted). Under *Kazi*, the fact that Reeves did not obtain the required permission under the vexatious-litigant statute prevents him from maintaining his suit; it does not, by implication, deprive the trial court of subject-matter jurisdiction over claims within its constitutional jurisdiction, such as Reeves' deceptive-advertising and DTPA claims. *See id.*; *see also* Tex. Const. art. V, § 8 (jurisdiction of district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body"); Tex. Gov't Code §§ 24.007, .008. Likewise, nothing in the language of the vexatious-litigant statute deprives this court of subject-matter jurisdiction over appeals from lawsuits brought improperly by vexatious litigants when, as here, the district court did not dismiss the case on vexatious-litigant grounds but instead addressed the case on the merits. Instead, the statute provides a procedure for dismissing "the litigation" when such suits are mistakenly filed without permission, which is the procedure we follow here by dismissing the litigation on statutory, rather than jurisdictional, grounds. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(b).